MALISSA FORD, Respondent, v. THE FIDELITY STORAGE PACKING AND MOVING COMPANY, Appellants.

St. Louis Court of Appeals, Submitted April 7, 1909. Opinion Filed May 25, 1909.

1. PRACTICE: Weight of Evidence: Conclusiveness of Verdict. Where the verdict of the trial court was rendered upon conflicting testimony, and the determination of the case rested largely on the credibility of witnesses, the verdict will not be disturbed on appeal.

2. ———: New Trial: Newly-Discovered Evidence. Where a motion for new trial on the ground of newly discovered evidence was supported by affidavits which set up admissions made by the successful party, and the evidence was only cumulative, the motion for new trial was properly overruled.

3. ———: ———: ———. Where a motion for new trial on ground of newly-discovered evidence was supported by the affidavit of a man who was known to the mover to be the principal person relied on in the transaction, out of which the case arose, and where it was not shown that any diligence was exercised in ascertaining what he knew before the trial, the motion was properly overruled.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

AFFIRMED.

*Arthur G. Moseley* for appellant.

When in a motion for a new trial evidence is produced showing conclusively that the decision should have been in favor of the losing party, and that the justice and right of the cause is with the losing party and not with the winning party, the court should grant a new trial in all cases where a reasonable showing is made why the evidence produced in the motion for a new trial was not offered upon the trial of the cause. Folding Bed Co. v. Railroad, 148 Mo. 485; Bonynge v. Waterbury, 12 Hun (N. Y.) 534; Langdon v. Kelly, 51 Mo. App. 572; Goldsworthy v. Linden, 75 Wis. 24; Wilson v. Plank, 41 Wis. 94.

*Geo. H. Moore* and *Frank A. Thompson* for respondent.

STATEMENT.—This is an action instituted by plaintiff against the defendant for damages for conversion of an automobile, judgment being demanded in the sum of $1,500.

The answer was, first, a general denial; second, that defendant is engaged in the business of warehouseman; that the machine was stored with it in due course of business, by one Wm. E. Ford, husband of plaintiff, then in possession of it; that defendant issued its warehouse receipt and delivered it to Ford, who agreed to pay $7 a month storage, and that the machine should remain in possession of defendant until all charges were paid; that afterwards Ford secured a loan of $75 on the machine from third parties and transferred to them the warehouse receipt; that the third parties immediately notified defendant of this, and of

the amount due, and the note falling due and Ford failing to pay it, defendant was notified of the failure; that the note and storage charges remained unpaid until the 21st of January, when the storage charges amounted to $36, and the principal and interest on the note to $76, those amounts being due against the machine; that defendant believing the machine was the property of Ford, had paid these charges and bought the machine from Ford, and at the time had no knowledge or notice of any title or claim on the part of plaintiff to the machine; that Ford had exhibited to defendant at the time, evidence of his ownership of the machine; that plaintiff had permitted Ford to publicly occupy and use the machine and had permitted Ford to claim title thereto, well knowing that the machine had been negotiated for and purchased by Ford and paid for by him and the same billed to him; that all of this created apparent title in Ford; that if the machine was not owned by Ford, the apparent title was in him, and was permitted to be so placed by plaintiff, and that plaintiff is estopped to deny the title of Ford as against defendant; third, it is averred that the machine described in the petition was deposited in defendant's warehouse by W. E. Ford and money was loaned on it by defendant and the machine continued to be the property of Ford until defendant bought it, and that it was not the property of plaintiff.

The reply was a general denial of the new matter in the answer. Trial before the court, a jury having been waived, and a judgment for plaintiff in the amount of $435.30 being rendered, defendant filed a motion for a new trial. The motion for new trial, after setting up lack of evidence to support it, and that the judgment was excessive, avers that the defendant had a just defense to the suit and was surprised upon the trial of the cause by the testimony of the plaintiff in certain particulars set out and that it had no knowledge of the existence of the testimony prior to the trial; that

Wm. E. Ford had never disclosed the facts concerning
his ownership of the machine and that the defendant
was wholly in ignorance of those facts and could not
have discovered them by the use of diligence, because
the knowledge was confined to Wm. E. Ford.   Further
than that, that it has discovered other witnesses, who
heard the plaintiff declare that the title to the machine
was in Ford prior to the time he deposited it with
defendant, but that the evidence was unknown to de-
fendant at the time of the trial and was only made
known to the defendant after the trial by Ford, who,
prior to the trial, had not disclosed the existence there-
of to the defendant or to any attorney of the defend-
ant, and that the evidence and these facts proves con-
clusively that the automobile was the property of Wm.
E. Ford and not the property of Malissa Ford.   The
motion for new trial was sworn to by the president of
the defendant company.   Accompanying it is an affi-
davit of the secretary and treasurer of the defendant,
to the effect that plaintiff and her husband came to-
gether to take the automobile on a certain day in Au-
gust, after it had been in the warehouse some time and
that in a conversation between them, plaintiff admitted
that the machine belonged to her husband and, with an
oath, told him to take it.   The affidavit of another wit-
ness was also filed, to the effect that during a ride in
the machine, a conversation took place between plaintiff
and her husband over the ownership of the machine,
in which conversation plaintiff acknowledged, in the
presence of the affiant, one Clege, that the machine
was the property of her husband.   An affidavit of Wm.
E. Ford is also filed, to the effect that down to the
6th of August, 1906, he was the sole and exclusive owner
of a farm in Pettis county; that in May of that year,
joined by the plaintiff, his wife, in order to secure his
promissory note for the sum of $750, he had made a
deed of trust upon the farm and that the note was
negotiated and he received the proceeds and that with

$600 of these proceeds, he purchased the machine, the money coming from the source above stated, and that the machine was solely and exclusively his property. He states in his affidavit, that he never related these matters to any of the officers or agents of the defendant prior to the judgment in the suit; that he had never conveyed the machine to his wife nor gave her any claim thereto, but that when he was sick, his wife took possession of the machine and stored it with the St. Louis Storage & Commission Company and would not let him know where it was stored; that to recover possession of the machine and adjust matters with his wife, he gave her a quitclaim deed to the Pettis county property; that the consideration of the deed was a $150 note, which he delivered to his wife on a redelivery to him of the machine, and also the abandonment of her claim to the machine, and that on the day of the delivery of the deed and note to her, his wife went with him to the storage house and delivered the machine to him; "that this affiant sold said note and judgment was afterwards entered thereon in a justice's court in St. Louis, which judgment was subsequently paid by Malissa Ford." We do not quite understand this matter placed between quotation marks, but it is so written in the record. The motion for a new trial was overruled; defendant duly excepting, appeals.

REYNOLDS, P. J. (after stating the facts).—We are led to remark that the second count of the answer should not have been permitted to stand. It is full of recitals of evidential matters, which should have been stricken out on proper motion.

The finding of the court, when it rendered judgment in the case, and also its finding on overruling the motion for new trial, are in the transcript. An examination of them discloses that the trial court found, on the evidence in the case, that the property of the machine was in plaintiff and that defendant had con-

verted it, and the court rendered judgment for $435.20. There was much conflict in the testimony, the determination of the case resting very largely on the credibility of the witnesses. That being so, the finding of the trial judge is conclusive on us.

In passing upon and overruling the motion for a new trial, the circuit judge held that the affidavits of Clege and of May, the secretary and treasurer of the defendant, each of them tending to show certain alleged admissions of plaintiff tendered testimony which was merely cumulative. He further finds that the affiant Ford, the man who knew the facts as to the ownership, so far as shown by the affidavit, was within reach of defendant at all times even being at one time in its employ. He had asked to file an intervening petition in the case, showing that he was the owner of the automobile and that plaintiff had no interest in it, and that intervention had been denied by the judge before whom the case had formerly been pending. The learned trial judge said as to this affidavit, that Ford "was the man of all others whom the defendant relied on in the transaction, and the witness who should have been called at the trial, but was not called. Whether he would have been competent to testify was not submitted to the court as he was not offered." The court further finds that the matter connected with the Pettis county land and the note and deed relating to it, were all known to the defendant at the trial, certified copies of the deeds being introduced; that there was no show of any diligence whatever on the part of defendant to ascertain what Wm. E. Ford knew, and while Ford swears he did not tell defendant of this Pettis county transaction, there is no evidence whatever tending to show that defendant sought to know the facts from him or that Ford concealed the facts from it, and no showing of any diligence whatever on the part of defendant in endeavoring to find out the alleged new facts before the trial. Holding that the motion and accompanying

affidavits did not show grounds for new trial, as required by the appellate courts, the circuit court overruled it.   With this statement of the facts before us, over the signature of the circuit judge, who tried the case, we find no reason whatever to disturb his action in overruling the motion for new trial.

The judgment of the circuit court is affirmed. All concur.

